*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DATA MANAGEMENT RESOURCES, LLC., | SPECIAL PROCEEDINGS NO. SP0107-11 |
| Petitioner, | |
| v. | **FINDINGS OF FACT & CONCLUSIONS OF LAW** |
| OFFICE OF PUBLIC ACCOUNTABILITY, | **DECISION AND ORDER** |
| Respondent. | |
| GUAM DEPARTMENT OF EDUCATION, | |
| Real Party-In-Interest. | |

This matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on the 1st day of February, 2012 on Petition for Judicial Review. The Petitioner, Data Management Resources, LLC. (hereinafter "DMR") was represented by attorney Jacqueline Taitano Terlaje. The Respondent, Office of Public Accountability (hereinafter "OPA"), was represented by attorney Anthony C. Camacho. The Real Party-In-Interest, Guam Department of Education (hereinafter "GDOE") filed an Answer admitting to the allegations of the Petition, and was not present for hearing. The Court, having considered the record filed in this matter and the arguments presented at hearing thereon, issued a ruling from the bench. In accordance with the bench ruling issued, the COURT HEREBY finds that the Public Auditor exceeded the authority granted to her in 5 Guam Code Annotated §5703; the Public Auditor Decision denying the protest of DMR is hereby reversed and rescinded; and the Court hereby grants GDOE authority to proceed with award in accordance with IFB-025-2011 with GDOE's determination of qualified responsive bidders, as fully set forth herein.

## FINDINGS OF FACT

On or about August 26, 2010, GDOE issued GDOE IFB-025-2010 soliciting the outright purchase of computer systems.

GDOE IFB-025-2010 ("Bid") solicited for four line (4) items which were two (2) types of computer systems and two (2) types of switches. A technical specification of the bid required vendors to be Manufacturer Authorized Resellers of the computer equipment.

The Bid closed on or about September 22, 2010, with three companies submitting their proposals; Micros-Fidelio Micronesia, Inc. (hereinafter "MFM"), ComPacific (hereinafter "COMP"), and DMR. GDOE prepared Abstracts of the Bids.

On or about October 1, 2010, GDOE identified MFM as the lowest responsive bidder for Items # 1 and # 2, and COMP as the lowest responsive bidder for Items # 3 and # 4.

On October 15, 2010, fourteen (14) days after it received the bid status from GDOE, DMR filed a protest with GDOE alleging that MFM's bid proposal was nonresponsive to the specifications. Specifically, DMR protested that MFM was not a "Manufacturer Authorized Reseller," as required by the specifications.

On February 10, 2011, GDOE denied Petitioner's protest stating that MFM was a Manufacturer Authorized Reseller.

On February 25, 2011, DMR appealed to the OPA protesting GDOE's award to MFM on the basis that GDOE violated the law when it qualified MFM as a "Manufacturer Authorized Reseller."

On March 14, 2011, GDOE filed its Agency Report with the OPA and admitted that its waiver of a technical specification was in error, and was not a minor formality which could be waived. GDOE's admissions were present in the record before the OPA:

Exhibit 1 (Exhibit L) Letter dated March 14, 2011 from GDOE; it provides in part:

> DOE has reviewed the facts involved in this matter and stipulates that the issue as to whether or not Micros-Fidelio is a Manufacturer Authorized Reseller per the bid specifications set forth in GDOE IFB-025-2010, is not a minor informality that can be waived in that it may effect warranty services being provided as to the equipment being procured.

Exhibit 2 (Exhibit O) Reply filed by GDOE to the OPA; it provides in part:

> (f) On March 15, 2010, GDOE stipulated that the bid requirement that bidder be Manufacturer's Authorized Reseller is material to the bid and

not a minor informality that can be waived in that it may effect warranty services being provided as to the equipment being procured.

(g) Micros Fidelio Micronesia, Inc. is not a Manufacturer's Authorized Reseller with regard to Items #1and #2 therefore with regard to Items #1 and #2 it is not GDOE's intent to award to Micro Fidelios Micronesia, Inc.

The parties waived hearing on the protest, and DMR sought judgment on the pleadings.

On or about May 19, 2011, the Public Auditor issued its Decision (hereinafter "OPA Decision"). The OPA sustained DMR's protest and found that GDOE erroneously waived a bidder requirement; however, the OPA declined to affirm DMR's appeal and proceeded to redefine the technical specification of a "Manufacturer Authorized Reseller."

## CONCLUSIONS OF LAW

This Court has jurisdiction over this request for judicial review pursuant to 5 GCA § 5707(a) and § 9240, and 7 GCA § 3105. The issue before the Court is whether the OPA abused her discretion and exceeded her authority in re-defining a technical specification of the bid after the parties had presented that the violation of law presented in the protest was resolved.

DMR alleges that the OPA exceeded her authority by rejecting the admissions of GDOE, and more particularly, abused her discretion in substituting her judgment in place of GDOE by re-defining a technical specification of the bid. The OPA, however, contends that her substitution of a technical specification was a finding of fact requiring deference to her, notwithstanding that there were no further allegations by DMR of any violation of Guam law.

The OPA generally has the jurisdiction to review *de novo* "matters properly submitted to her" for the purpose of promoting the integrity of the procurement process and Guam Procurement Law. 5 GCA § 5703; 2 Guam Administrative Rules and Regulations (GAR) § 12103. While having the authority to review *de novo* all matters properly before her, the OPA's review is limited to procurement protests dealing with a violation of law, whether statutory or regulatory, directly related to the "source selection, solicitation or award of contract." 5 GCA § 5425. Upon any matter properly submitted, a finding of fact by the OPA is "final and conclusive, unless arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law." 5 GCA § 5704. Thus, the question presented to this Court on review is three-fold:

(1)     Whether the protest submitted was proper?

(2)     If proper, upon review, whether there was any violation of law?

(3)     Absent a question of law, whether a finding of fact is "arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law" as set forth by 5 GCA § 5704?

In this case, DMR initially alleged a violation of law on appeal to the Public Auditor, protesting the award of IFB-025-2011 to a bidder who failed to meet the "Manufacturer Authorized Reseller" requirement. Thus, DMR's protest dealt with a violation of Guam law; that GDOE violated Guam law by waiving a requirement that could not be waived as a minor informality. The Court finds that the issue of whether GDOE violated Guam law by awarding IFB-025-2011 to a bidder who failed to meet the "Manufacturer Authorized Reseller" requirement of the bid is within the scope of the OPA's power and authority. DMR's protest was directly related to the "award of contract," which is expressly permitted by Guam law.

Subsequent to the filing of DMR's appeal, but prior to the OPA's review of the protest, GDOE resolved the violation of law by agreeing with DMR's protest and admitting that it could not waive the "Manufacturer Authorized Reseller" requirement as a minor informality. The parties presented to the OPA that there was no further violation of law, and DMR moved for Judgment on the Pleadings.

While DMR contends that OPA was bound by the admissions of the parties and by the motion practice before her, the Court disagrees. It is within the authority of the OPA to have taken review of the entire matter before her. However, granting that the OPA has broad review over procurement protests, and is not limited by motion practice, the question before the Court is whether she exceeded her authority by making a determination of fact notwithstanding that there was no longer a violation of law. The Court finds that once the parties presented to the OPA that there was no further violation of law, the OPA extending her authority to make a determination of fact exceeded her authority.

GDOE, upon submission of its Agency Report to the OPA, conceded that it had waived as a minor informality the technical bid specification of a "Manufacturer Authorized Reseller," as alleged by the DMR. Thus, the violation of law was resolved. Because 5 GCA § 5703 limits

the scope of the OPA's review, as discussed above, the OPA, notwithstanding the resolution of the issue of law, exceeded her authority in redefining the technical specification of a "Manufacturer Authorized Reseller," as already determined by GDOE.

On DMR's request for attorney's fees, the Court finds that no attorney's fees incurred prior to the appeal to the OPA may be granted, pursuant to 5 GCA § 5425. However, the Court reserves on the issue of whether attorney's fees may be awarded at the OPA and judicial review level pending further briefing of the parties. Additionally, the Court requests that the parties address the issue of whether the Respondent or the Real-Party-In-Interest, under the facts of this case, should or should not be ordered to pay DMR's attorney's fees.

## CONCLUSION

**ACCORDINGLY,** the Court finds that the OPA exceeded her statutory authority in redefining the technical specification of IFB-025-2011; her determination of fact absent a violation of law is not within the scope of the review permitted by 5 GCA § 5703.

**IT IS HEREBY ORDERED** that the OPA Decision denying the protest of DMR is hereby reversed and rescinded; and the Court

**FURTHER ORDERS** GDOE the authority to immediately proceed with an award in accordance with IFB-025-2011 with GDOE's determination of qualified responsive bidders. The Court reserves on the issue of attorney's fees.

**IT IS SO ORDERED** on this 29th day of March, 2012.

_____
**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 30 2012

Glenric V. Mendiola
Deputy Clerk, Superior Court of Guam